Dear Ms. Shaw:
You have requested an opinion of the Attorney General regarding the applicability of the state's Public Bid Law and the laws relating to the Louisiana School Employees' and Teachers' Retirement Systems to the St. Landry Charter School (School). You state that the School is a Type 2 Charter School organized pursuant to R.S. 17:3973(2)(b)(ii).
We believe the issue relating to the Public Bid Law is controlled by R.S. 17:3996(B) which provides, in pertinent part, the following:
 "B. Notwithstanding any state law, rule, or regulation to the contrary and except as may be otherwise specifically provided for in an approved charter, a charter school established and operated in accordance with the provisions of this Chapter and its approved charter and the school's officers and employees shall be exempt from all statutory mandates or other statutory requirements that are applicable to public schools and to public school officers and employees except for the following laws otherwise applicable to public schools with the same grades:" [Emphasis added.]
This Section continues by enumerating 18 specific statutory provisions on subjects ranging from school entrance age to pupil assessment. Included therein are laws pertaining to open meetings and public records. We find no reference whatsoever to the state's Public Bid Law. Had the legislature intended Charter Schools such as yours to be subject to the laws pertaining to public bidding, it could have so provided by including the Bid Laws in this listing. Accordingly, it is the opinion of this office that the Public Bid Law is not applicable to the School, unless the School's approved charter subjects the School to public bidding.
The applicability of the Laws relating to the Louisiana School Employees' and Teachers' Retirement Systems is governed by R.S.17:3997(A), a copy of which is enclosed for your reference and convenience. You will note that it is self-explanatory and draws a distinction between employees who were previously employed by a school board, and all other employees who were not so employed. You will note that, for those employees in the latter category, the availability of such retirement programs is contingent upon authorization contained in the School's approved charter.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/cla Enclosure